**UV INDUSTRIES, INC. Liquidating Trust; Martin Horwitz, Edwin Jacobson, Theodore W. Kheel, Arthur R. Gralla, Paul Kolton, and David Finkelstein as Trustees of the UV Industries, Inc. Liquidating Trust, Plaintiffs,**

v.

**SHARON STEEL CORPORATION, Defendant.**

No. 85 Civ. 0483 (PKL).

United States District Court, S.D. New York.

March 28, 1986.

Shea & Gould, New York City; Bruce A. Hecker, Ronald H. Alenstein, Ronald D. Lefton, of counsel, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City; Colleen McMahon, Lee J. Dobkin, of counsel, for defendant.

LEISURE, District Judge:

This matter is before the Court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R. Civ.P. 12(b)(6). The complaint alleges damages due to breach of contract arising from the failure of defendant, Sharon Steel Corp. ("Sharon Steel"), to fulfill its obligation to file an effective registration statement for Sharon Steel 13.5% Subordinated Sinking Fund Debentures and to deliver timely Definitive Debebtures for dis-tribution to the holders of beneficial interests in plaintiff, UV Industries, Inc. Liquidating Trust. The motion is denied.

The plaintiffs are UV Industries, Inc. Liquidating Trust ("UV Trust"), which is the successor to the rights, benefits, liabilities and obligations of UV Industries, Inc. ("UV"), a corporation voluntarily dissolved, and the trustees of the UV Trust, suing in their representative capacities. The defendant, Sharon Steel, acquired all of the assets of UV in exchange for, *inter alia*, temporary Subordinated Sinking Fund Debentures held in trust by the UV Trustees. An agreement between the UV Trustees and Sharon Steel required Sharon Steel to file an effective registration statement for Definitive Debentures on thirty days' notice of a proposed distribution of said Debentures.

The UV Trustees served notice by letter dated May 21, 1984, of a proposed distribution of Definitive Debentures to unit holders to be made on the later of July 21, 1984, or the effective date of the registration statement to be filed by Sharon Steel. The registration statement was finally declared effective on February 12, 1985 and the distribution date fixed at February 13, 1985. When Sharon Steel failed to comply with the distribution date, upon plaintiffs' motion, the Court directed defendant to instruct the Mellon Bank, N.A., to mail definitive Sharon Steel 13.5% Subordinated Debentures due 2000 to the unit holders on or before March 15, 1985. *UV Industries, Inc. Liquidating Trust v. Sharon Steel Corp.*, 85 Civ. 0483 (S.D.N.Y. Mar. 17, 1986).

Plaintiffs assert that during the period from July 21, 1984 through February 12, 1985, when the registration statement was declared effective by the Securities and Exchange Commission, the value of the debentures declined substantially. In addition, plaintiffs assert that this decline was followed by a further decrease in market value during the period from February 13, 1985 through March 20, 1985. As a result, plaintiffs allege that substantial money damages were incurred.

Defendant contends that the trust and the individual trustees, suing in their representative capacities lack standing to assert these claims. Defendant contends that plaintiffs have failed to allege "an injury in fact." Since defendant's conduct caused a delay in distribution to the unit holders, if an injury was in fact sustained, the unit holders must advance the suit. Finally, defendant alleges that to claim damages plaintiffs must, as a threshold matter, allege that they would have sold the debentures had they received them before they declined in value.

Plaintiffs assert standing as trustees of an express trust and as parties to a contract. As parties to a contract to whom contractual obligations are owed, plaintiffs note that the violation of those rights gives rise to an injury in fact. Finally, plaintiffs emphasize that a motion to dismiss reviews the sufficiency of the complaint only and should be denied if it is found that the plaintiff has stated a claim on which he is entitled to offer evidence.

■ Defendant's claim that plaintiffs lack standing ignores that the individual plaintiffs are trustees of an express trust who consequently have duties and responsibilities thereunder. Specifically, Fed.R. Civ.P. 17(a) provides that a real party in interest includes "a trustee of an express trust." It is well established that "one lawfully in possession of a res on behalf of another may assert against a third person the rights of the one on whose behalf he holds." *United States v. Commercial Bank of North America,* 211 F.Supp. 709, 711 (S.D.N.Y.1962). Furthermore, Rule 17(a) also includes "a party with whom or in whose name a contract has been made." Plaintiffs, as parties to a contract, allege a breach of that contract.

■ Defendant asserts that, since the plaintiffs could not have sold the debentures before they declined in value, they cannot prove an "injury in fact." This reasoning contravenes established law that states "for any breach that has occurred, be it large or small, 'partial' or 'total,' an action can be maintained and the law will

give an appropriate remedy." Corbin, Contracts, § 948 at 929 (1952). In the event of a breach, the wronged party is entitled at least to recover nominal damages. *Three-Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993 (5th Cir.1976); *Manhattan Savings Institution v. Gottfried Baking Co.,* 286 N.Y. 398, 36 N.E.2d 637 (1941); Calamari & Perillo, *Contracts* § 14–2 at 519 (2d ed. 1977).

■ Finally, defendant asserts that, since plaintiffs do not allege in the complaint that the debentures would have been traded, they have failed to set forth allegations that would be sufficient to entitle them to a damage award. The defendant's reliance on *Kaufman v. Diversified Industries, Inc.,* 460 F.2d 1331 (2d Cir.), *cert. denied,* 409 U.S. 1038–39, 93 S.Ct. 517, 34 L.Ed.2d 487 (1972), and *Madison Fund, Inc. v. Charter Co.,* 427 F.Supp. 597 (S.D. N.Y.1977), in this regard is misplaced. Neither case is concerned with the issue before this Court, that is the sufficiency of the complaint on a Rule 12(b)(6) motion. In both of these cases the Courts looked to the trial record to determine whether the plaintiffs had an intent to sell the securities had they been delivered in accordance with the agreements. *Kaufman,* 460 F.2d at 1336; *Madison Fund,* 427 F.Supp. at 608. But, in the *Madison Fund* case, the Court determined that the plaintiff desired to sell the undelivered securities during the period of delay. The Court relied upon the plaintiff's dissatisfaction with holding the defendant's securities, "its insistence upon registration, and its sales subsequent to the effective date." 427 F.Supp. at 608. In the final analysis the Court determined that fundamental justice required that "the perils of such uncertainty should be 'laid at the defendants' door.'" *Id. citing Kaufman,* 460 F.2d at 1338 n. 8. Having satisfied itself that the record contained sufficient proof of an intent to sell, the Court awarded damages based upon an analagous conversion theory of damages. 427 F.Supp. at 609–10.

It is well settled that a Rule 12(b)(6) motion to dismiss should not be granted

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1967). It is clear that in this case it is premature for the Court to make such a determination at this time. The motion is denied.

**SO ORDERED.**